Jeff Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76012
Tel: 817-877-8855
Fax: 817-877-4151
Email: jprostok@forsheyprostok.com
Email: srosen@forsheyprostok.com

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org

*Co-Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

Gregory W. Mitchell
State Bar No. 00791285
**FREEMAN LAW, PLLC**
1412 Main Street, Suite 500
Dallas, Texas 75202
(972) 463-8417 – Phone
(972) 432-7540 – Facsimile
Email: gmitchell@freemanlaw.com

*Counsel for BWH Texas, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EVENTIDE CREDIT ACQUISITIONS, LLC, | § | CASE NO. 23-90007-mxm-11 |
| *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| DEBTORS. | § | |
| _____ | | **Expedited Hearing: Oct. 23, 2024 at 10:30 a.m.** |

**MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE BETWEEN THE LAC VIEUX DESERT BAND OF LAKE SUPERIOR CHIPPEWA INDIANS, BIG PICTURE LOANS, LLC, EVENTIDE CREDIT ACQUISITIONS, LLC AND <u>CERTAIN OTHER LIMITED PARTIES TO THE SETTLEMENT AGREEMENT</u>**

**Emergency relief has been requested. Relief is requested not later than 10:30 a.m. on Wednesday, October 23, 2024.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Eventide Credit Acquisitions, LLC (1353) and BWH Texas LLC (9205).

> **the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on Wednesday, October 23, 2024 at 10:30 a.m. in Room 128, 1st Floor, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102.**
>
> **You may participate in the hearing either in person or by an audio and video connection Audio communication will be by use of the Court's dial-in facility. You may access the facility at (650) 479-3207; Access Code 2310-650-8783. Video communication will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Mullin's home page https://us-courts.webex.com/meet/mullin. The meeting code is 2310-650-8783. Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Mullin's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Eventide Credit Acquisitions, LLC ("**Eventide**") and BWH Texas, LLC ("**BWH**," and together with Eventide, the "**Debtors**"), and file this *Motion to Approve Settlement Agreement and Release Between the Lac Vieux Desert Band of Lake Superior Chippewa Indians, Big Picture Loans, LLC, Eventide Credit Acquisitions, LLC and Certain Other Limited Parties to the Settlement Agreement* (the "**Motion**"). In support of this Motion, the Debtors respectfully represent as follows.

## SUMMARY OF SETTLEMENT AGREEMENT

1. By this Motion, Eventide asks the Court to approve a global settlement among the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "**Tribe**"), Big Picture Loans, LLC ("**BPL**"), and Eventide (and together with the Tribe and BPL, the "**Settlement Parties**"), and Tribal Economic Development Holdings, LLC ("**TED**"), Ascension Technologies, LLC ("**Ascension**,"), BWH Texas, LLC ("**BWH**,"), Matt Martorello ("**Martorello**"), Loeb & Loeb, LLP ("**Loeb Firm**"), Bernard R. Given, II ("**Given**"), Brophy & Bland, PLLC ("**BB Firm**"), and Joseph Brophy ("**Brophy**," and together with TED, Ascension, Martorello, Loeb Firm, Given, and BB Firm, the "**Limited Parties**"). The Settlement Parties and Limited Parties are also referred to collectively as the

"**Parties**." The terms of the settlement are reflected in the *Settlement Agreement and Release* (the "**Settlement Agreement**"),[2] a copy of which is attached hereto as **Exhibit A**. The Settlement Agreement would resolve all of the Pending Actions between the Parties, which are currently pending in the Bankruptcy Court, the District Court, and LVD Tribal Court.

2. The basic terms of the Settlement Agreement[3] are as follows: (i) the Tribe agrees to pay a "**Settlement Amount**" of $16,886,983.71 to Eventide consisting of a payment of $1.5 million upon the approval of the settlement by the Bankruptcy Court and the entry of the Condemnation Judgment by the LVD Tribal Court, a payment of $1 million on May 1, 2025, and the payment of $14,386,983.71 over forty-eight (48) months at 3.7% interest commencing November 1, 2024 (Settlement Agreement, ¶2); (ii) Eventide agrees to the entry of the Condemnation Judgment by the LVD Tribal Court, which also requires the Tribe to pay the Settlement Amount to Eventide on the same terms as the Settlement Agreement as "just compensation" for the condemnation of the Note and LSA (Settlement Agreement, ¶8);[4] (iii) the Tribal Parties consent to the jurisdiction of the Bankruptcy Court for matters relating to the enforcement of the Settlement Agreement, and agree to broad waivers of sovereign immunity and the right to tribal exhaustion or litigation in a Tribal Forum (Settlement Agreement, ¶¶ 10-14); (iv) the Parties agree to broad mutual releases between the Tribal Parties, on the one hand, and Eventide and the Eventide Limited Parties, on the other (Settlement Agreement, ¶9); (v) the collection of Payments under the Settlement Agreement and any enforcement thereof will be handled by Daniel J. Sherman, Esq., as an independent "Collection Agent" with strict fiduciary

---

[2] Any capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Settlement Agreement.

[3] The general description of the Settlement Agreement contained herein is for illustrative purposes and subject, in its entirely, to the express terms of the Settlement Agreement, which are controlling over the general description of such agreement in this Motion.

[4] Although referenced in both the Settlement Agreement and the Condemnation Judgment, Eventide is only entitled to a single satisfaction of the Settlement Amount and payments pursuant to the Condemnation Judgment shall be credited as payments pursuant to the Settlement Agreement, and vice versa.

duties to the Eventide Estate, who will hold the funds in a separate IOLTA account pending the entry of appropriate orders by the Bankruptcy Court regarding the disbursement of funds (Settlement Agreement, ¶7); (vi) BPL will make information regarding the identity of its consumer borrowers ("Consumer Borrowers") available to a claims/noticing/balloting agent[5] for any of the Eventide Released Parties so that appropriate notices can be sent to the Consumer Borrowers in the bankruptcy cases filed by any of the Eventide Released Parties (Settlement Agreement, ¶17); and (vii) the applicable Parties will dismiss all Pending Actions in the Bankruptcy Court, District Court, and LVD Tribal Court (Settlement Agreement, ¶16).

3. For the reasons set forth herein, Eventide asserts the settlement is in the best interests of its bankruptcy estate and should be approved.

## JURISDICTION AND VENUE

4. The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought in this Motion are sections 105(a) of the Bankruptcy Code and Fed. R. Bankr. P. 9019.

## PROCEDURAL AND FACTUAL BACKGROUND

5. On September 6, 2023 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtor is managing its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

7. On September 21, 2023, the United States Trustee appointed the Official

---

[5] The Settlement Agreement provides that the Consumer Borrower Information will be made available to either American Legal Claims Services or Donlin Recano & Company, Inc., as the noticing agent for any of the Eventide Released Parties.

**MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE** **PAGE 4**

Unsecured Creditors' Committee (the "**UCC**") in this case.[6]

## A. Matters Relating to Big Picture Loans, LLC

### 1. The BPL Adversary Proceeding – Bankruptcy Court

8. On September 15, 2023, the Debtor filed a *Complaint for Turnover pursuant to Sections 542(a), 542(b), and 542(e) of the Bankruptcy Code* (the "**Complaint**"), which initiated Adversary Proceeding No. 23-09006-mxm (the "**BPL Adversary Proceeding**") against BPL in the Bankruptcy Court. In the Complaint, the Debtor asserts claims for turnover of property of the Debtor's estate and information under section 542(a), (b), and (e) of the Bankruptcy Code.[7] The Debtor's turnover claims arise from BPL's failure on September 1, 2023, to make a payment due by BPL to the Debtor under the terms of a *Secured Promissory Note* (the "**Note**") and a *Loan and Security Agreement* ("**LSA**") dated September 18, 2020.

9. On October 17, 2023, BPL filed *Big Picture Loans, LLC's (i) Motion to Dismiss the Adversary Proceeding under Rule 12(b)(6), and (ii) Motion to Dismiss Adversary Proceeding in Favor of Arbitration, Alternatively, the Compel Arbitration, or to Stay or Abstain in Favor of Arbitration* (the "**Rule 12(b)(6) Motion**")[8] in the BPL Adversary Proceeding.

10. On January 23, 2024, the Bankruptcy Court entered its *Order Denying Big Picture Loans, LLC's Motion to (i) Dismiss the Complaint under Rule 12(b)(6), (ii) Dismiss the Complaint and Compel Arbitration, or (iii) Abstain in Favor of Arbitration* (the "**Rule 12(b)(6) Order**").[9] In the Rule 12(b)(6) Order, the Bankruptcy Court denied BPL's Rule 12(b)(6) Motion and its request to arbitrate the claims in the Complaint.

### 2. The Arbitration Appeal – District Court

11. On February 1, 2024, BPL filed a notice of appeal pertaining to its request for

---

[6] ECF 20.
[7] BPL Adversary, ECF 1.
[8] BPL Adversary, ECF 5.
[9] BPL Adversary, ECF 32.

arbitration in the Rule 12(b)(6) Order[10] and a motion for leave to appeal the Rule 12(b)(6) Order.[11]

12. The appeal was docketed in the United States District Court for the Northern District of Texas ("**District Court**") as Case No. 24-00103-P (hereinafter, the "**Arbitration Appeal**").

13. On May 14, 2024, the District Court entered an order staying the BPL Adversary Proceeding pending the resolution of the Arbitration Appeal.[12] On June 27, 2024, the District Court clarified its order granting BPL a stay pending appeal to provide that the stay pending appeal pertained solely to the BPL Adversary Proceeding and did not affect the pending BPL Enforcement Motion (defined below).[13]

### *3. The BPL Enforcement Motion – Main Bankruptcy Case*

14. On March 15, 2024, Eventide filed *Debtor's Emergency Motion to Enforce the Automatic Stay and for Sanctions Against Big Picture Loans, LLC*,[14] which was amended on May 9, 2024,[15] July 15, 2024,[16] and July 10, 2024[17] (the "**BPL Enforcement Motion**").

15. On May 7, 2024, Eventide scheduled a status conference on the BPL Enforcement Motion.

16. On May 14, 2024, the Bankruptcy Court held a status conference on the BPL Enforcement Motion. The Bankruptcy Court held a subsequent status conference on the BPL Enforcement Motion on July 18, 2024, at which time it set the BPL Enforcement Motion for hearing on September 5, 2024.

---

[10] BPL Adversary, ECF 35.
[11] BPL Adversary, ECF 36.
[12] Arbitration Appeal, ECF 23.
[13] Arbitration Appeal, ECF 41.
[14] ECF 229.
[15] ECF 257.
[16] ECF 292.
[17] ECF 301.

### *4.  The BPL Procedures Motion – Main Bankruptcy Case*

17. On May 13, 2024, BPL filed a motion requesting the application of Part VII of the Federal Rules of Bankruptcy Procedure to the BPL Enforcement Motion (the "**BPL Procedures Motion**").[18]

18. On July 18, 2024, the Bankruptcy Court held a status conference on the BPL Procedures Motion, at which time it instructed BPL to set the BPL Procedures Motion for hearing. The BPL Procedures Motion was set for hearing on July 29, 2024.

19. On August 1, 2024, the Bankruptcy Court entered an order denying the BPL Procedures Motion (the "**Procedures Order"**).[19]

### *5.  The Procedures Order Appeal – District Court*

20. On August 9, 2024, BPL filed a notice of appeal relating to the Procedures Order.[20] On the same date, BPL also filed a motion for leave to appeal the Procedures Order,[21] which was docketed in the District Court as Case No. 4:24-cv-00759-P (the "**Procedures Order Appeal**")..

21. On August 23, 2024, Eventide filed an objection in the District Court opposing BPL's request for leave to appeal the Adversary Rules Order.[22] The District Court has not yet ruled on BPL's motion for leave to pursue the Procedures Order Appeal.

### *6.  The BPL Arbitration Motion – Main Bankruptcy Case*

22. On July 28, 2024, BPL filed a *Motion to Stay Proceedings in favor of Arbitration, or to Abstain in Favor of Arbitration* (the "**Arbitration Motion**").[23] The BPL Arbitration Motion was set for hearing concurrently with the BPL Enforcement Motion on September 5, 2024.

---

[18] ECF. 260.
[19] ECF 323.
[20] ECF 332.
[21] ECF 333.
[22] Procedures Order Appeal, ECF 2.
[23] ECF 313.

### 7. *The BPL Stay Relief Motion – Main Bankruptcy Case*

23. On August 13, 2024, BPL filed its *Conditional Motion for Relief from Stay and for Adequate Protection* (the "**Stay Relief Motion**").[24] The Stay Relief Motion was also set for hearing concurrently with the BPL Enforcement Motion on September 5, 2024.

### 8. *BPL's Continuance Motion – Main Bankruptcy Case*

24. On August 30, 2024, BPL filed an *Emergency Motion for Continuance of Hearing Set for September 5, 2024* (the "**Continuance Motion**").[25] The Continuance Motion was set for hearing on September 4, 2024.[26]

## B. Matters Relating to Lac Vieux Desert Band of Lake Superior Chippewa Indians

### 1. *The LVD Condemnation Action – LVD Tribal Court*

25. On August 26, 2024, the Tribe filed a *Complaint for Condemnation* (the "**Condemnation Action**") in the Lac Vieux Desert Band of Lake Superior Chippewa Indians Tribal Court (the "**LVD Tribal Court**"). The Condemnation Action is pending in the LVD Tribal Court as Case No. 24-cv-04. BPL filed a notice of the Condemnation Action in the Bankruptcy Case on August 27, 2024.[27]

### 2. *The LVD Adversary Proceeding – Bankruptcy Court*

26. On September 3, 2024, Eventide filed its *Original Complaint to Enforce the Automatic Stay and for Injunctive Relief against Lac Vieux Desert Band of Lake Superior Chippewa Indians* (the "**LVD Complaint**"),[28] which was docketed as Adversary Proceeding No. 24-09000-mxm (the "**LVD Adversary Proceeding**"). The LVD Complaint, e.g., seeks to enforce the automatic stay against the Tribe and injunctive relief to prevent it from proceeding with the

---

[24] ECF 340, 341.

[25] ECF 370.

[26] The September 4, 2024 hearing on the Continuance Motion was subsequently cancelled through the First Standstill Agreement. See ECF 382-1.

[27] ECF 358.

[28] LVD Adversary Proceeding, ECF 1.

prosecution of the Condemnation Complaint in violation of the automatic stay

### 2. *The LVD Enforcement Motion – Main Bankruptcy Case*

27. On September 3, 2024, Eventide filed a *Motion to Enforce the Automatic Stay against Lac Vieux Desert Band of Lake Superior Chippewa Indians* (the "**LVD Enforcement Motion**").[29]

28. On September 3, 2024, Eventide also filed a *Motion for Emergency Consideration of (A) Injunction Request in Original Complaint to Enforce the Automatic Stay and for Injunctive Relief against Lac Vieux Desert Band of Lake Superior Chippewa Indians, and (B) Motion to Enforce the Automatic Stay against Lac Vieux Desert Band of Lake Superior Chippewa Indians* (the "**Emergency Hearing Motion**").[30]

### C. Matters Relating to Certain Eventide Limited Parties

29. On August 28, 2024, BPL filed a complaint in LVD Tribal Court against Martorello, Loeb Firm, Given, BB Firm, and Brophy (the "LVD Tribal Court Action"). The LVD Tribal Court Action is pending as Case No. Case No. 24-cv-05 in LVD Tribal Court.

### D. All "Pending Actions"

30. The BPL Adversary Proceeding, BPL Enforcement Motion, Stay Relief Motion, Arbitration Motion, Continuance Motion, LVD Adversary Proceeding, LVD Enforcement Motion, Expedited Hearing Motion, Arbitration Appeal, Procedures Order Appeal, Condemnation Action, and LVD Tribal Court Action are collectively referred to herein as the "Pending Actions."

### E. The Standstill Agreements

31. In order to give the Parties an opportunity to discuss settlement and a possible resolution the Pending Actions, the Tribe, BPL, and Eventide agreed to a Standstill Agreement

---

[29] ECF 378
[30] ECF 381; LVD Adversary Proceeding, ECF 3.

on September 3, 2024 (the "**First Standstill Agreement**").[31]  Among other things in the First Standstill Agreement, LVD, BPL, and Eventide agreed to a thirty-day period during which no new matters would be filed by the Settlement Parties.  The First Standstill Agreement also cancelled the hearing on BPL's Continuance Motion and rescheduled the matters set for hearing on September 5, 2024 to October 16, 2024.  Finally, the First Standstill Agreement extended the deadlines for Eventide to respond to the Condemnation Action and the Limited Parties to respond to the LVD Tribal Court Action to October 3, 2024.

32.    On October 1, 2024, the Tribe, BPL, and Eventide entered into a "**Second Standstill Agreement**."[32]  The Second Standstill Agreement, e.g., extended the standstill period for an additional twenty-one (21) days, continued the hearing on the hearing set for October 10, 2024 on Eventide's request for injunctive relief in the LVD Complaint and the LVD Enforcement Motion to October 29, 2024, continued the hearing on the matters set for October 16, 2024 (the BPL Enforcement Motion, Stay Relief Motion, and Arbitration Motion) to November 13, 2024, and further extended the deadlines for Eventide and the Limited Parties to respond to the matters in the LVD Tribal Court to November 4, 2024.

33.    On October 17, 2024, after approximately six weeks of negotiations, the Parties entered into the Settlement Agreement attached hereto as **Exhibit A**.

## RELIEF REQUESTED

34.    Through this Motion, Eventide seeks: (i) approval of the Settlement Agreement described herein, (ii) entry of the proposed order granting the Motion (the "Settlement Approval Order"), which will be filed as a supplement to the Motion, (iii) the waiver of any stays applicable to the finality of the Settlement Approval Order, including under Fed. R. Bankr. P. 4001(a)(3) and 6004(h); and (iv) all such further relief to which Eventide may be justly entitled.

---

[31] ECF 382.
[32] ECF 393-1.

**BASIS FOR RELIEF REQUESTED**

35. As discussed in summary fashion above, if approved, the Settlement Agreement: (i) provides consideration of $16,886,983.71 to the Eventide Estate; as provided in the Settlement Agreement; (ii) permits the condemnation of the Note and LSA by the LVD Tribal Court; (iii) includes consents to the jurisdiction of the Bankruptcy Court and broad waivers of sovereign immunity and the right to tribal exhaustion or litigation in a Tribal Forum by the Tribal Parties for any claim to enforce the obligations in the Settlement Agreement, Settlement Approval Order, and Condemnation Judgment in the event of a default in the payment of the Settlement Amount, (iv) includes broad mutual releases between the Tribal Parties, on the one hand, and Eventide and the Eventide Limited Parties, on the other; (v) provides for the collection and enforcement of the payments under the Settlement Agreement by an independent Collection Agent for the Eventide Estate Fiduciary; (vi) enables a Noticing Agent for any of the Eventide Released Parties to obtain access to information needed to provide notice to the Consumer Borrowers in any Eventide Released Party Bankruptcy Case; and (vii) resolves all of the Pending Actions involving the Parties before the Bankruptcy Court, District Court, and LVD Tribal Court.

**A.    *Cajun Electric* Factors**

36. The Debtors submit that the terms of the Settlement Agreement are fair and equitable, and that its approval is in the best interests of creditors and the Debtors' estates.

37. Bankruptcy Rule 9019(a) generally governs settlements in bankruptcy cases. It provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Rule 9019(a) empowers the Bankruptcy Court to approve a compromise and settlement if it is (a) fair and equitable, and (b) in the best interest of the estate. *In re Cajun Electric Power Cooperative, Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Mirant,* 348 B.R. 725, 738 (Bankr. N.D.Tex. 2006); *Connecticut Gen. Life Ins. Co. v. United Co. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F. 3d 914, 917 (5th Cir. 1995). Moreover, Bankruptcy Code Section 105(a) states "[t]he court may issue any order, process, or

judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

38. The decision to approve a compromise or settlement is within the sound discretion of the Bankruptcy Court. See 9 COLLIER ON BANKRUPTCY ¶ 9019.02 (16th ed. rev. 2016). "Compromises are favored in bankruptcy" because they minimize litigation costs and expedite the administration of the bankruptcy estate. *In re Idearc Inc.*, 423 B.R. 138, 182 (Bankr. N.D. Tex. 2009) (*citing Martin v. Martin*, 91 F.3d 389, 393 (3d Cir. 1996)). The Bankruptcy Court, however, should not substitute its own judgment for the judgment of a trustee or a debtor. *See In re Carla Leather, Inc.*, 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984), *aff'd*, 50 B.R. 764 (S.D.N.Y. 1985). "One of the goals of Congress in fashioning the Bankruptcy Code was to encourage parties in a distress situation to work out a deal among themselves." *In re Mirant Corp.*, 334 B.R. 800, 811 (Bankr. N.D. Tex. 2005). Thus, in assessing a settlement, a court need only "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983) (*quoting Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).

39. In this Circuit, a bankruptcy settlement should be approved under Rule 9019 "if the settlement is 'fair and equitable and in the best interests of the estate.'" *See In re Cajun Electric,* 119 F.3d 349, 355 (5th Cir 1977). In deciding whether a proposed settlement is fair and equitable, the Court should analyze the following four factors (the "Cajun Electric Factors"):

(a) The probability of success in the litigation;

(b) The complexity and likely duration of the litigation, any attendant expense, inconvenience or delay, and possible problems collecting a judgment;

(c) The interests of creditors with proper deference to their reasonable views; and

(d) The extent to which the settlement is truly the product of arm's length negotiations.

*Mirant*, 348 B.R. at 739-40 (citing *Cajun Electric Power Coop., Inc.*, 119 F.3d at 355-56) (citations omitted)).

40. As set forth in greater detail below, the terms of the Settlement Agreement satisfy the Cajun Electric Factors.

(a) <u>Probability of Success in Litigation</u>. Eventide believes it has a reasonable chance of success in the Pending Actions. However, there are a number of matters currently pending in three (3) separate forums involving Eventide and the litigation costs incurred by Eventide in such Pending Actions to date have been substantial. In addition, portions of the Pending Actions, which include two adversary proceedings, a number of highly contested matters, two District Court appeals, and two cases in LVD Tribal Court, have already been pending for over a year with no end in sight. This is particularly true where certain issues raised by the Tribal Parties, including arbitration and sovereign immunity, may result in stays of the underlying matters pending appeal. Finally, given the complexity of the issues involved, there is a high degree of litigation risk for all sides. Consequently, the Debtors have determined, in their business judgment, that the terms of the Settlement Agreement are fair and reasonable and take into account the probability of success, duration of litigation, and risk of loss in the Pending Actions with the Tribal Parties.

(b) <u>Complexity, likely duration of litigation, inconvenience, or delay</u>. The litigation with the Tribal Parties is complex and certain of the Pending Actions have already been pending for over a year. As discussed above, the probable duration of continued litigation with the Tribal Parties is uncertain and may last for several years, which would delay any distribution to creditors in this case, due to the Tribal Parties' potential ability to obtain stays pending appeal based on certain issues raised by the Tribal Parties (arbitration, sovereign immunity, etc.). Eventide believes the Settlement Agreement will avoid continued litigation, which would further delay the distribution to creditors with allowed claims in this case.

(c) <u>The interests of creditors</u>. The Settlement Agreement is in the best interests of creditors because it will bring funds into the Eventide Estate immediately. The Settlement Agreement also allows Eventide to resolve numerous costly disputes spread across three separate courts without incurring additional administrative expenses and time on litigation, which

would detract from the Debtors' ability to pay creditors under a plan.

(d) <u>Product of arm's length negotiations</u>.  The terms of the Settlement Agreement were the product of extensive discussions over a period of approximately six (6) weeks, during which time each party analyzed its respective positions with the assistance of counsel, made concessions in an effort to resolve disputed issues, and agreed to enter into a compromise because doing so served their independent interests.  At the start of this process, the parties were adversarial, but the parties' representatives spoke to each other and exchanged information about their disputes, answered questions, and tried to help facilitate a resolution.  Those discussions and exchanges resulted in the Settlement Agreement.

41. Based on the foregoing, the Settlement Agreement meets the applicable standards for approval, including satisfying all four of the Cajun Electric Factors, is fair and equitable, is in the best interest of the creditors and the Debtors' estates, and represents the exercise of sound and prudent business judgment.  Moreover, subject to the Court's approval, the Settlement Agreement will bring funds into the Eventide Estate to pay allowed claims and avoid continued lengthy, burdensome, and expensive litigation.

**B.      Waiver of Stays Applicable to Settlement Approval Order**

42. The Debtors request that the Court waive any stays applicable to the finality of the Settlement Approval Order, including under Fed. R. Bankr. P. 0401(a)(3) and 6004(h).  The Settlement Agreement provides that its "Effective Date" is the date upon which both the Bankruptcy Court has entered the Settlement Approval Order and the LVD Tribal Court has entered the Condemnation Judgment. (Settlement Agreement, ¶ 35).  The $1.5 million payment is due within three (3) business days of the Effective Date and the forty-eight (48) monthly payments under the Settlement Agreement are to commence on November 1, 2024.  Before the Effective Date can occur, however, the LVD Tribal Court must also enter the Condemnation Judgment.  In order for the payment scheduled in the Settlement Agreement to be met, the Settlement Agreement provides that the Condemnation Judgment must be entered by November

1, 2024, unless mutually extended by the Settlement Parties in writing. (Settlement Agreement, ¶ 8(d)). In order to permit the LVD Tribal Court to enter the Condemnation Judgment, and avoid any delay to the anticipated payment scheduled under the Settlement Agreement, Eventide submits that good cause exists for the Court to waive any stays applicable to the finality of the Settlement Approval Order, including under Fed. R. Bankr. P. 4001(a)(3) and 6004(h).

### C. Settlement Approval Order

43. Through a separate motion, the Debtors are requesting expedited consideration of the Motion so that the Settlement Agreement can go effective and the dates in the Settlement Agreement can be met. However, the Parties are currently drafting and negotiating the language of the Settlement Approval Order. As a result, rather than delay the filing of the Motion, the Debtors plan to file the Settlement Approval Order as a supplement to the Motion. The form of the Settlement Approval Order will still be filed in plenty of time for the Court and parties-in-interest to review same prior to the Court's consideration of the Motion.

### PRAYER FOR RELIEF

WHEREFORE, based upon the foregoing, the Debtors respectfully request that the Court grant the Motion, enter the Settlement Approval Order, and grant the Debtors such other further relief as is necessary and proper.

Dated: October 17, 2024                    Respectfully submitted,

*/s/ Suzanne K. Rosen*
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76012
Tel: 817-877-8855
Fax: 817-877-4151
Email: jprostok@forsheyprostok.com
Email: srosen@forsheyprostok.com

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

-AND-

Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org

*Co-Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

-AND-

/s/ *Gregory W. Mitchell*
Gregory W. Mitchell
State Bar No. 00791285
**FREEMAN LAW, PLLC**
1412 Main Street, Suite 500
Dallas, Texas 75202
(972) 463-8417 – Phone
(972) 432-7540 – Facsimile
Email: gmitchell@freemanlaw.com

*Counsel for BWH Texas, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Motion (with all referenced exhibits) to be served via the Bankruptcy Court's CM/ECF system on those parties requesting such electronic notice, and upon the attached service list via United States mail, first class postage prepaid, on October 17, 2024.

/s/ *Suzanne K. Rosen*
Suzanne K. Rosen

L:\JPROSTOK\Eventide Credit Acquisitions (6075)\Settlement\Motion to Approve Settlement\Bankruptcy Court Filings\Mtn to Approve Compromise with LVD-BPL-Eventide 10.17.2024.docx