Jeff Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76012
Tel: 817-877-8855
Fax: 817-877-4151
Email: jprostok@forsheyprostok.com
Email: srosen@forsheyprostok.com

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org

*Co-Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EVENTIDE CREDIT ACQUISITIONS, LLC, | § | CASE NO. 23-90007-mxm-11 |
| *et al.*,[1] | § | |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**EVENTIDE CREDIT ACQUISITIONS, LLC'S
THIRD MOTION PURSUANT TO SECTION 1121(d) OF THE
BANKRUPTCY CODE TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH
<u>ONLY THE DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN</u>**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than twenty-four (24) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (24) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Eventide Credit Acquisitions, LLC ("<u>Eventide</u>" or the "<u>Debtor</u>"), the debtor and debtor-in-possession in this chapter 11 case (the "<u>Bankruptcy Case</u>"), and files this *Eventide Credit Acquisitions, LLC's Third Motion Pursuant to Section 1121(d) of the Bankruptcy Code to*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Eventide Credit Acquisitions, LLC (1353) and BWH Texas LLC (9205).

DEBTOR'S THIRD MOTION TO EXTEND EXCLUSIVITY                                                                                                Page **1**

*Extend the Exclusive Periods During Which Only the Debtor May File and Solicit Acceptances of a Chapter 11 Plan* (the "Motion"). In support of this Motion, Eventide respectfully represents as follows:

## SUMMARY

1. Eventide seeks a third extension of the exclusivity periods in section 1121(b) and (c) of the Bankruptcy Codes. The Court previously entered an Order at Docket No. 279, extending the exclusive period during which only Eventide may file a plan to **January 3, 2025**, and extending the exclusive period for Eventide to solicit and obtain acceptances of a plan to **March 4, 2025**.

2. By this motion Eventide seeks the entry of an order, with a proposed order attached hereto as **Exhibit A**, granting a third extension of those deadlines to **March 6, 2025,** and **May 6, 2025**, respectively. Section 1121(d) permits extension for cause.

3. Eventide has made significant progress in this case including, among other things, (i) resolving the Pending Actions (as defined below) involving Eventide, BPL (as defined below), the Tribe (as defined below), and various other entities, and (iii) attempting to resolve the disputes between the Consumer Borrowers (as defined below), the Unknown Borrowers (as defined below) and Eventide. Accordingly, the Debtor needs more time to file a plan and seek confirmation thereof because (i) resolving the disputes between BPL, the Tribe, Eventide, and the various other entities has changed the course of this case, and (ii) there are outstanding issues between Eventide, the Consumer Borrowers, the Unknown Borrowers, and other parties that remain contingent upon future occurrences. Although Eventide anticipates filing a plan in early January 2025, these considerations may impact its plan and require amended prior to solicitation thereof.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested in the Motion is section 1121(d) of the Bankruptcy Code.

**BACKGROUND HISTORY**

5. On September 6, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtor is managing its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this case.

7. On September 21, 2023, the United States Trustee appointed the Official Unsecured Creditors' Committee (the "Committee") in this case.[2]

**A.  Matters Relating to the Consumer Borrowers**

8. On September 15, 2023, the Debtor filed its *Position Statement by the Debtor regarding Bankruptcy Case Filing and Related Issues* [Docket No. 15] ("Position Statement"), which is incorporated herein by reference. In the Position Statement, the Debtor provides the Bankruptcy Court and the parties with an overview regarding the matters precipitating the filing of the Debtor's bankruptcy case. Of particular importance, the Position Statement outlines and details many of the Debtor's constituencies, one of those being certain consumer borrowers (the "Consumer Borrowers") of Big Picture Loans, LLC ("BPL"), the tribal lending entity for the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe"). Certain of BPL's Consumer Borrowers assert unsecured claims against the Debtor.

9. On December 4, 2023, with respect to any Consumer Borrowers whose identities were unknown, the Debtors filed a motion to (i) extend the claims bar date for any "Unknown Borrowers," and (ii) approve the Debtors' proposed procedures for providing notice to such Unknown Borrowers (the "Bar Date/Procedures Motion") [Docket No. 104].

10. On January 3–4, 2024, numerous proofs of claim, including purported class proofs of claim, were filed by certain Consumer Borrowers in the Eventide bankruptcy case.[3]

---

[2] Docket No. 20.

[3] See Proof of Claim Nos. 6–34 and 39–40. As to any Consumer Borrowers whose identities are unknown to the Debtors, on December 4, 2023, the Debtors filed a motion to extend the deadline for any "Unknown Consumer

11. On January 21, 2024, Eventide objected to the Consumer Borrowers' claims.[4]

12. On January 26, 2024, the Consumer Borrowers, the Committee, and the Debtor entered into the *Joint Stipulation and Agreement Regarding Pending Hearings, Motions and Related Deadlines* [Docket No. 190], and several subsequent similar stipulations [Docket Nos. 211, 231, 275, and 383]. The stipulations extended the deadlines for the Consumer Borrowers, the Committee, and the Debtors to respond to various matters relating to the Consumer Borrowers (including the Bar Date/Procedures Motion) while the parties were attempting to complete certain substantive and procedural contingencies set forth in a proposed class action settlement between the Debtors, the Consumer Borrowers, and other parties. Unfortunately, the substantive and procedural contingencies in the proposed class action settlement were not completed and the proposed settlement is now null and void.

13. On November 26, 2024, the Debtors filed *Debtors' Amended Motion for Order (I) Extending the Bar Date for Unknown Consumer Borrower Creditors, (II) Approving Procedures to Protect the Identity of the Unknown Borrowers, (III) Approving Proof of Claim form for the Unknown Borrowers, (IV) Approving the Form and Manner of Notice Thereof, and (V) Providing Supplemental Relief* [Docket No. 444] (the "Amended Bar Date/Procedures Motion"), whereby the Debtors seek, among other things, to (i) extend the claims bar date for the Unknown Borrowers, and (ii) approval of the Debtors' proposed procedures for providing notice to the Unknown Borrowers.

14. Certain other contested matters are also currently pending between the Debtor, certain of the Consumer Borrowers, and the Committee [see Docket Nos. 440, 441, and 448].

B. **Matters Relating to Big Picture Loans, LLC and the Tribe**

15. Over the past year, Eventide was involved in extensive litigation with BPL and the Tribe in multiple forums, which is only briefly described herein.

---

Borrowers" [Docket No. 104], which remains pending.
[4] See Docket Nos. 152–183.

### I. Pending Matters in the Bankruptcy Court

16. There were numerous matters pending between the Tribe, BPL, and Eventide in the Bankruptcy Court, including the following:

   i. Eventide's *Complaint for Turnover pursuant to Sections 542(a), 542(b), and 542(e) of the Bankruptcy Code* against BPL [Docket No. 1] in Adversary Proceeding No. 23-09006-mxm (the "<u>BPL Adversary Proceeding</u>");

   ii. Eventide's *Third Amended Motion to Enforce the Automatic Stay against Big Picture Loans, LLC* (the "<u>BPL Enforcement Motion</u>") [Docket No. 301];

   iii. BPL's *Conditional Motion for Relief from Stay and for Adequate Protection* (the "<u>Stay Relief Motion</u>") [Docket Nos. 340, 341];

   iv. BPL's *Motion to Stay Proceedings in favor of Arbitration, or to Abstain in Favor of Arbitration* (the "<u>Arbitration Motion</u>") [Docket No. 313];

   v. BPL's *Emergency Motion for Continuance of Hearing Set for September 5, 2024* (the "<u>Continuance Motion</u>") [Docket No. 370];

   vi. Eventide's *Original Complaint to Enforce the Automatic Stay and for Injunctive Relief against Lac Vieux Desert Band of Lake Superior Chippewa Indians* [Docket No. 1] in Adversary Proceeding No. 24-09000-mxm (the "<u>LVD Adversary Proceeding</u>");

   vii. Eventide's *Motion to Enforce the Automatic Stay against Lac Vieux Desert Band of Lake Superior Chippewa Indians* (the "<u>LVD Enforcement Motion</u>") [Docket No. 378]; and,

   viii. Eventide's *Motion for Emergency Consideration of (A) Injunction Request in Original Complaint to Enforce the Automatic Stay and for Injunctive Relief against Lac Vieux Desert Band of Lake Superior Chippewa Indians, and (B) Motion to Enforce the Automatic Stay against Lac Vieux Desert Band of Lake Superior Chippewa Indians* (the "<u>Emergency Hearing Motion</u>") [Docket No. 3 in the LVD Adversary Proceeding; Docket No. 381 in the Bankruptcy Case].

### II. Pending Matters in the District Court:

17. The following matters were pending between BPL and Eventide in the United States District Court for the Northern District of Texas (the "<u>District Court</u>"):

   i. BPL's appeal (Case No. 24-cv-00103-P) (the "<u>Arbitration Appeal</u>") of the Order Denying Big Picture Loans, LLC's Motion to (I) Dismiss the Complaint under Rule 12(b)(6), (II) Dismiss the Complaint and Compel Arbitration, or (III) Abstain in favor of Arbitration [Docket No. 32 in the BPL Adversary Proceeding]; and

   ii. BPL's Motion for Leave to Appeal Order Denying Big Picture Loans, LLC's

    Motion for Entry of Pretrial Scheduling Order Regarding Arbitration and Motion to Enforce the Automatic Stay [Docket No. 333 in the Eventide Bankruptcy Case], docketed as Case No. 24-cv-00759-P (the "<u>Procedures Order Appeal</u>") in the District Court.

### III.     Pending Matters in the LVD Tribal Court

18.     The following matters were pending among the various parties in the Lac Vieux Desert Band of Lake Superior Chippewa Indians Tribal Court (the "<u>LVD Tribal Court</u>"):

  i.     The Tribe's *Complaint for Condemnation* against Eventide, pending as Case No. 24-cv-04 (the "<u>Condemnation Action</u>"); and

  ii.     BPL's Complaint against Martorello, Loeb Firm, Given, BB Firm, and Brophy, pending as Case No. 24-cv-05 (the "<u>LVD Tribal Court Action</u>").

19.     The matters described in Sections I, II, and III—the BPL Adversary Proceeding, BPL Enforcement Motion, Stay Relief Motion, Arbitration Motion, Continuance Motion, LVD Adversary Proceeding, LVD Enforcement Motion, Expedited Hearing Motion, Arbitration Appeal, Procedures Order Appeal, Condemnation Action, and LVD Tribal Court Action—are collectively referred to herein as the "<u>Pending Actions</u>."

20.     A settlement agreement (the "<u>Settlement Agreement</u>") between Eventide, BPL, the Tribe, and various other parties was subsequently executed on October 17, 2024 [Docket No. 396] and approved by the Bankruptcy Court on October 23, 2024 [Docket Nos. 410-411], which provided for, among other things, a resolution of all the Pending Actions. The Settlement Agreement also provides for consideration to Eventide of $16,886,983.71 payable over forty-eight (48) months, which Eventide can use to fund its chapter 11 plan.

## RELIEF REQUESTED

21.     Section 1121 of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan of reorganization. 11 U.S.C. §§1121(b) and (c)(2). If a debtor files a plan within the 120-day exclusive period, the debtor has the exclusive right until 180 days after the petition date to solicit and obtain acceptances of its plan. During this period, a competing plan may not

be filed by any party in interest. 11 U.S.C. §1121(c)(3). Both time periods are collectively referred to herein as the "Exclusivity Period(s)."

22.     The 120-day Exclusivity Period for Eventide is currently set to expire on January 3, 2025. The 180-day Exclusivity Period is currently set to expire on March 4, 2025. Pursuant to section 1121(d)(1) of the Bankruptcy Code, Eventide requests that the Court enter an order (a) extending Eventide's Exclusivity Period under section 1121(b) of the Bankruptcy Code to file a plan through and including **March 6, 2025**, and (b) extending Eventides' Exclusivity Period under section 1121(c)(3) of the Bankruptcy Code to solicit acceptances of a plan through and including **May 6, 2025**. The requested extensions are within the 18-month and 20-month limitations provided in section 1121(d)(2).[5]

23.     As set forth in detail below, extension of the Exclusivity Periods is warranted to allow Eventide time to further develop and obtain acceptances of a confirmable plan.

## REPORT PURSUANT TO LOCAL RULE 3016-1(a)

24.     Eventide has not previously filed a plan of reorganization in this case due to the fact that (i) it has been focused on addressing the Pending Actions and bringing money into the estate with which to fund a plan, and (ii) attempting to resolve the disputes with the Consumer Borrowers. Now that the Pending Actions with BPL and Tribe have been resolved, Eventide is now in a position to give notice to the Unknown Borrowers and move forward with a plan that it believes will provide a meaningful recovery to creditors. The number and amount of proofs of claim filed and the resolution of certain other outstanding matters will impact the Debtor's formulation of a plan. As indicated, Eventide anticipates filing a plan in early January of 2025, although such plan may be amended depending upon the resolution of certain pending matters in the case.

---

[5] The 18-month period will expire on March 6, 2025; the 20-month period will expire on May 6, 2025.

## **LEGAL STANDARD**

25. The Exclusivity Period under section 1121 of the Bankruptcy Code is intended to afford a debtor a meaningful opportunity to develop and confirm a plan of reorganization and to reorganize under chapter 11. *See In re Southwest Oil Co. of Jourdanton, Inc.*, 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987).

26. Section 1121(d) of the Bankruptcy Code gives broad discretion to extend the Exclusivity Period for "cause." 11 U.S.C. § 1121(d). Specifically, the legislative history of section 1121 reveals that subsection (d) was intended to provide "flexibility in individual cases" to extend the Exclusivity Period "in order to allow the debtor to reach an agreement." H.R. Rep. No. 595 Cong., 1st Sess. 232 (1977). *See also In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (D.N.H. 1988) (stating the "legislative intent...[was] to promote maximum flexibility").

27. Courts routinely grant extensions of the Exclusivity Periods where necessary to give a debtor a meaningful opportunity to develop a consensual plan. *See In re Express One International, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); s*ee also In re Washington-St. Tammany Electric Cooperative, Inc.*, 97 B.R. 852, 854 (E.D. La. 1989).

28. Although section 1121(d) of the Bankruptcy Code does not define "cause" for extending exclusivity, courts have identified a number of factors bearing on the determination and "[i]t is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each." *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.),* 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003). Such factors include:

    (a)    the size and complexity of the case;

    (b)    the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

    (c)    the existence of good faith progress toward reorganization;

    (d)    the fact that the debtor is paying its bills as they become due;

    (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

    (f)      whether the debtor has made progress in negotiations with its creditors;

    (g)      the amount of time which has elapsed in the case;

    (h)      whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands;

    (i)      whether an unresolved contingency exists;

    (j)      the length of previous extensions of exclusivity;

    (k)      breakdowns in plan negotiations, such that the continuation of the debtor's exclusivity period would result in the debtor having an unfair bargaining position over creditors;

    (l)      the debtor's failure to resolve fundamental reorganization matters essential to its survival; and

    (m)      the gross mismanagement of the debtor.

*Id.* at 643-44 (citing factors "a" through "d" and "i" through "m"); *In re Cent. Jersey*, 282 B.R. at 184 (citing factors "a" through "i"); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (citing factors "a" through "i"); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citing factors "a" through "i").

    29.    Consideration of the above factors favors granting the extension of the Exclusivity Periods as requested by Eventide. Each of the factors is addressed in turn below:

    ***a.***    ***The size and complexity of the case.***  Eventide asserts that this case is sufficiently large and complex to favor granting the Motion. Pursuant to the Local Rule, this case qualifies as "complex case" because the total liabilities exceed $25 million. The case also qualifies as a "mega case" under General Order 2022-02 because the assets and liabilities exceed $50 million. The case is being treated as "mega case" in this District. The size and complexity of the case weighs in favor of extending the Exclusivity Periods.

    ***b.***    ***The necessity of sufficient time to permit the Debtor to negotiate a plan of reorganization and prepare adequate information.***  Eventide and its professionals are evaluating the best course of action for Eventide and actively working on a plan in this case. Eventide has also attempted to negotiate with its major creditors and will continue to do so.

Indeed, as indicated above, the Debtor has made significant progress in this case when it resolved the Pending Actions between the Debtor, BPL, the Tribe, and various other parties, which will provide the capital for Eventide to fund a plan. Eventide requires additional time to formulate a plan to adequately address the claims of the Consumer Borrowers and other unsecured creditors.

c. ***The Debtor's Good Faith Progress***. Perhaps the most important factor to be considered in determining whether to grant an extension of exclusivity is whether or not a debtor has made meaningful progress towards reorganization. *See Official Comm. of Unsecured Creditors of Mirant Amers. Generation, L.L.C. v. Mirant Corp. (In re Mirant Corp.)*, No. 4-04-CV-476-A, 2004 U.S. Dist. LEXIS 19796, *8 (N.D. Tex. 2004) ("In virtually every case where an extension has been granted, the debtor showed substantial progress had been made in negotiations toward reorganization."). Eventide has made good faith progress in this case and in some areas, significant strides. Specifically, Eventide was able to resolve the issues in the case involving BPL and the Tribe, which will enable Eventide to fund a plan. Moreover, Eventide is still attempting to resolve issues pertaining to the claims of the Consumer Borrowers and Unknown Borrowers. All of Eventide's efforts to date have been undertaken with the ultimate goal of formulating a plan that will maximize the return to creditors and, potentially, equity. Eventide's success to date demonstrates the good faith progress it has made toward proposing a plan.

d. ***Payment of bills as they become due.*** Presently, the only bills being incurred by Eventide are the administrative claims of estate professionals. Pursuant to the Settlement Agreement with BPL and the Tribe, Eventide is receiving regular installment payments that it is using to pay outstanding administrative expenses and meet future obligations as they come due. The Debtor is also reserving funds to pay the cost associated with the notice program proposed in its Amended Bar Date/Procedures Motion.

e. ***Whether the Debtor demonstrated reasonable prospects for filing a viable plan.*** Eventide has demonstrated reasonable prospects for filing a viable plan in this case by retaining professionals to assist it in proposing a course of action that maximizes benefit to the

creditors. Resolving the Pending Actions and making progress in resolving the claims of the Consumer Borrowers and Unknown Borrowers will enable the Debtor to successfully file and confirm a plan of reorganization. Eventide has made substantial progress to date formulating a plan but requires additional time to complete this task. Specifically, pursuant to the Amended Bar Date/Procedures Motion, Eventide requires additional time to both provide notice to Unknown Borrowers, and then obtain information regarding the number and amount of proofs of claim filed, which will impact the formulation of its plan.

*f.* ***Whether the Debtor has made progress in negotiations with creditors.*** This factor heavily weighs in Eventide's favor. Since the inception of the case, Eventide was embroiled in contentious litigation with BPL and the Tribe. However, the parties were able to reach a resolution of the Pending Actions, which is in the best interest of Eventide and its estate. Moreover, as discussed herein, the Debtor has been working in good faith with the Consumer Borrowers to resolve the pending issues between them. Although the prior proposed settlement was not able to be consummated, Eventide will continue to discuss and attempt to reach a resolution with the Consumer Borrowers.

*g.* ***The amount of time which has elapsed in the case.*** As of the date of the filing of this Motion, Eventide's bankruptcy case has been pending for a little under eighteen (18) months. During this time, Eventide was embroiled in litigation with BPL and the Tribe, which it successfully resolved in a manner that provides a significant recovery to its estate to be used to fund a plan. Because the Debtor is within the statutory limit under section 1121(d) to seek an extension of the Exclusivity Period, extension of thereof is appropriate. For the avoidance of doubt and as stated herein, Eventide anticipates filing a plan in early January of 2025, which may be subsequently amended, and seeking confirmation thereafter.

*h.* ***Whether the Debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the Debtor's reorganization demands.*** Eventide does not seek an extension of exclusivity as a tactic to pressure creditors. Instead, (i) the resolution of the

Pending Actions, and (ii) the number and amount of Consumer Borrower claims filed will dictate the contents of a plan.  Indeed, Eventide has not yet made any particular reorganization "demands" on any creditors in this case.  Rather, Eventide seeks this extension in order to formulate a plan that is in the best interest of its estate. Eventide's goal is not to pressure creditors, but to propose and confirm a plan that maximizes the return to legitimate creditors.

  ***i. Existence of unresolved contingency.***  Presently, the Debtor still has unresolved contingencies relating to providing notice to the Unknown Borrowers, which it hopes to resolve soon so it can effectuate the notice program set forth in its Amended Bar Date/Procedures Motion.

  ***j. Length of previous extensions of exclusivity.***  This Motion is the third request by Eventide for an extension of the Exclusivity Period in this case.

  ***k. Breakdown in plan negotiations.*** Eventide has not encountered a breakdown in plan negotiations with any creditors. In fact, Eventide submits that its in a strong position to negotiate a plan that is fair and equitable for the Debtor's estate and provides a meaningful recovery to creditors.  As indicated, the Debtor has already resolved significant disputes with BPL and the Tribe and will continue to engage in good faith efforts with the Consumer Borrowers to resolve their claims.

  ***l. Failure to resolve fundamental reorganization matters essential to survival.*** Other than the matters already mentioned, there are no other unresolved matters in Eventide's case essential to the continued survival of Eventide. The Debtor simply requires additional time to resolve the matters described herein and formulate a plan.

  ***m. Gross mismanagement of the Debtor.***  Eventide is not mismanaging its affairs. Rather, Eventide has acted responsibly and has taken the appropriate steps to maximize the value of its assets for the benefit of its legitimate creditors.  Eventide has engaged in constructive negotiations at every step of this case, which has led to resolution of some of the Debtor's biggest issues in its case. Eventide will continue to manage its business and affairs in a responsible

manner and fulfill its fiduciary duties as a debtor-in-possession as it works toward proposing a plan for the collective benefit of all parties in interest in this case.

30. The foregoing factors demonstrate that an extension of the Exclusivity Periods is appropriate.

31. In summary, it is within the discretion of the Court, based on all the facts and circumstances of Eventide's case, to grant the extension of the Exclusivity Periods requested herein. The factors relevant to the Court's determination overwhelmingly favor granting the Motion. Furthermore, the extension requested by Eventide is within the maximum extension the Court may grant pursuant to section 1121(d) of the Bankruptcy Code. Accordingly, Eventide's requested extension of the Exclusivity Periods should be granted.

## PRAYER

WHEREFORE, Eventide respectfully requests that this Court grant the Motion, enter the proposed order attached hereto as **Exhibit A**, and grant Eventide such further and other relief as is just and proper.

DATED: December 9, 2024

Respectfully submitted,

*/s/ Suzanne K. Rosen*
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76012
Tel: 817-877-8855
Fax: 817-877-4151
Email: jprostok@forsheyprostok.com
Email: srosen@forsheyprostok.com

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

-AND-

*/s/ Robin Phelan*
Robin Phelan
State Bar No. 15903000

**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org

*Co-Counsel for the Debtor
Eventide Credit Acquisitions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, I caused a true and correct copy of the foregoing to be served via the Court CM/ECF system and on the parties on the attached service list by first class, U.S. Mail, postage prepaid.

/s/ *Suzanne K. Rosen*
Suzanne K. Rosen

L:\JPROSTOK\Eventide Credit Acquisitions (6075)\Pleadings- 23-90007\Third Motion to Extend Exclusivity 12.10.24.docx

**<u>Exhibit A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| EVENTIDE CREDIT ACQUISITIONS, LLC, | § | CASE NO. 23-90007-mxm-11 |
| *et al.*,[1] | § | |
| | § | |
| DEBTORS. | § | (Jointly Administered) |

**ORDER GRANTING EVENTIDE CREDIT ACQUISITIONS,
LLC'S THIRD MOTION PURSUANT TO SECTION 1121(d) OF THE
BANKRUPTCY CODE TO EXTEND THE EXCLUSIVE PERIODS DURING WHICH
ONLY THE DEBTOR MAY FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

The Court has considered *Eventide Credit Acquisitions, LLC's Third Motion Pursuant to Section 1121(d) of the Bankruptcy Code to Extend the Exclusive Periods During Which only the Debtor May File and Solicit Acceptances of a Chapter 11 Plan* [Docket No. ___] (the "Motion")[2] filed by Eventide Credit Acquisitions, LLC ("Eventide"). Upon review of the Motion, the Court finds that Eventide has shown cause for extension of the Exclusivity Periods. It is therefore:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Eventide Credit Acquisitions, LLC (1353) and BWH Texas LLC (9205).
[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

ORDER GRANTING THIRD MOTION TO EXTEND EXCLUSIVITY    PAGE 1 OF 2

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that Eventide's Exclusivity Period under section 1121(b) of the Bankruptcy Code to file a plan is extended through and including **March 6, 2025,** and Eventide's Exclusivity Period under section 1121(c)(3) of the Bankruptcy Code to solicit acceptances of a plan is extended through and including **May 6, 2025.**

### ###END OF ORDER###

Order submitted by:

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, TX 76012
Tel: 817-877-8855
Fax: 817-877-4151
Email: jprostok@forsheyprostok.com
Email: srosen@forsheyprostok.com

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

-AND-

Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org

*Co-Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

L:\JPROSTOK\Eventide Credit Acquisitions (6075)\Pleadings- 23-90007\Proposed Order Granting Third Motion to Extend Exclusivity 12.10.24.docx