| | |
|---|---|
| Daniel P. Winikka (State Bar No. 00794873) **WINIKKA LAW PLLC** 6060 N. Central Expressway, Suite 500 Dallas, TX 75206 Phone: 469-384-7710 Facsimile 469-384-7709 dan@danwinlaw.com  COUNSEL FOR MATTHEW MARTORELLO | Craig F. Simon (State Bar No. 00784968) **MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP** 901 Main Street, Suite 3700 Dallas, TX 75202 Phone:  214-744-3700 Facsimile:  (214) 292-2356 csimon@meadowscollier.com  COUNSEL FOR MATTHEW MARTORELLO |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **EVENTIDE CREDIT ACQUISITIONS, LLC,** *et al.*[1] | § § § | **CASE NO. 23-90007-mxm11** |
| | § | |
| *Debtors* | § | **(Jointly Administered)** |

**JOINDER OF MATTHEW MARTORELLO IN EVENTIDE CREDIT
ACQUISITION, LLC'S REPLY TO THE CONSUMER PLAINTIFFS'
RESPONSE TO REQUEST FOR STATUS CONFERENCE**

**TO THE HONORABLE MARK X. MULLIN, U.S. BANKRUPTCY JUDGE:**

Matthew Martorello files this joinder in the reply of Eventide Credit Acquisitions, LLC [ECF 799] (the "Eventide Reply") to the Consumer Plaintiffs' Response [ECF 794] to the Debtors' Request for Status Conference (the "Eventide Request") [ECF 781] regarding: (i) *Joint Stipulation*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Eventide Credit Acquisitions, LLC (1353) and BWH Texas LLC (9205).

*and Agreement regarding Pending Matters* (the "Stipulation")[2] [ECF 720]*;* and (ii) Consumer Plaintiffs' Rule 7023 Motions.[3] Mr. Martorello joins, and incorporates herein, the arguments set forth both in the Eventide Request and in the Eventide Reply, and further states the following:

1. As explained in detail in the Eventide Request and the Eventide Reply, the Consumer Plaintiffs would have this Court believe that Mr. Martorello and the Debtors agreed to a deal that is in essence the worst of all worlds – the certification of a nationwide RICO class, the waiver of the right to seek to decertify that class based on subsequent developments, and the ability of the Consumer Plaintiffs to file additional motions seeking class certification of additional claims in the future. The Consumer Plaintiffs' purported interpretation of the Stipulation—which appears to be an attempt to now hedge their bets if there is a bad outcome in the Fourth Circuit appeal[4]—would largely eviscerate the Stipulation's principal value to Mr. Martorello and the Debtors.

2. Contrary to the Consumer Plaintiffs' assertions, Mr. Martorello and the Debtors are not seeking to add a new term to the Stipulation, they are seeking to uphold the deal. The Stipulation does not give the Consumer Plaintiffs the right to file successive motions seeking class certification of additional claims in the future, substantially delaying and increasing the costs of the bankruptcy cases. Indeed, it is completely implausible that Mr. Martorello and the Debtors would have agreed to such perpetual litigation given that it would (i) give the Consumer

---

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the Stipulation, except that the term "Consumer Borrowers" as used herein refers to any consumer borrowers of Big Picture Loans, LLC *other than* the Consumer Plaintiffs.

[3] ECF 521 in the Debtors' bankruptcy case; ECF 76 and 113 in Mr. Martorello's bankruptcy case.

[4] The appeal to the Fourth Circuit is limited to RICO claims, and if the Virginia Consumer Borrowers win at the Fourth Circuit, the Consumer Plaintiffs will be content with their deal. But when the Virginia Consumer Borrowers lose at the Fourth Circuit, the Consumer Plaintiffs will feel compelled to attempt to assert additional non-RICO claims to sustain their litigation.

Plaintiffs the unfettered ability to thwart the agreed upon November 2025 trial setting in the Stipulation by interjecting a new motion seeking certification of additional claims and requiring a Rule 7023 and Rule 23 battle before trial; (ii) require multiple notices be sent in the bankruptcy cases; and (iii) require Mr. Martorello and the Debtors to incur the delay and costs associated with litigation over Rule 7023 and Rule 23 issues—one of the principal reasons for agreeing to the Stipulation.

3.　　The Consumer Plaintiffs' argument that the parties agreed the Consumer Plaintiffs could have multiple bites at the apple on class certification of various claims is premised on one sentence in the Stipulation: "The Parties agree that certification of a nationwide class of consumer borrowers against each of the Debtors and Martorello shall give the Parties no greater or lesser rights than they would have possessed if the Rule 7023 Motions had been decided and granted on the merits."

4.　　But the only logical interpretation of this sentence, when considering the fundamental nature of the deal, is that the parties would have no greater or lesser rights <u>with respect to the RICO class</u> that is the entire premise of the Rule 7023 Motions and the Stipulation. In other words, the Consumer Plaintiffs (and Mr. Martorello and the Debtors) retain all rights in respect of the only claims that the Rule 7023 Motions and class certification order involve. This interpretation is also consistent with preserving Mr. Martorello's and the Debtors' bankruptcy-related rights, including sending notice to the Consumer Borrowers, setting a bar date, and putting their cases on a path toward an efficient and expeditious resolution. The Consumer Plaintiffs can move to amend the order (consistent with the Stipulation) but they cannot file a motion seeking what would in effect be another order granting class certification of other claims that were not part of the Rule 7023 Motions, resulting in potential perpetual class certification

litigation. Any other reading would largely deprive Mr. Martorello and the Debtors of the value of the deal.

5. Rule 23(c)(1)(C) does not alter this conclusion. The fact that Rule 23(c)(1)(C) provides that "***an order*** that grants or denies class certification may be altered or amended before final judgment" does not mean the Consumer Plaintiffs have the right to seek leave to amend ***the claims*** filed on behalf of the RICO Class, especially here where the class certification order is an agreed order for a nationwide RICO class entered pursuant to a stipulation whereby Mr. Martorello and the Debtors agreed to withdraw their opposition to motions that were limited to a RICO class <u>and</u> not to seek decertification of the RICO class. In this context, the Consumer Plaintiffs would not be amending the order on the prior Rule 7023 Motions, but rather essentially seeking leave to retroactively amend their prior Rule 7023 Motions, which were clearly limited to pursuing RICO claims on behalf of the "National RICO Class," to add new class claims. It is simply untenable to interpret Rule 23(c)(1)(C) and the Stipulation as allowing the Consumer Plaintiffs to file successive Rule 7023 motions seeking certification of additional claims—fundamentally altering the agreed order certifying the RICO class—while simultaneously precluding the Debtors from seeking decertification of the RICO class. Indeed, as noted in the Eventide Request and the Eventide Reply, in the normal litigation context, amendment of a class complaint often warrants reevaluation of the original class certification decision and invites a motion to decertify. Here, however, the fact that decertification rights were waived, along with the numerous other purposes underlying the deal as explained in the Eventide Request and the Eventide Reply, make evident that the class claims are limited to RICO. Rule 23(c)(1)(C) must be applied consistent with the circumstances here. The Stipulation does not permit the Consumer Plaintiffs to file successive motions seeking certification of additional nationwide

class claims under the guise of amending the agreed order on the national RICO class under Rule 23(c)(1)(C).

DATED: June 4, 2025

Respectfully submitted,

*/s/ Daniel P. Winikka*
Daniel P. Winikka (TX 00794873)
**WINIKKA LAW, PLLC**
6060 North Central Expressway, Suite 500
Dallas, TX 75206
Telephone: (469) 384-7710
Facsimile: (469) 384-7709
dan@danwinlaw.com


*/s/ Craig F. Simon*
Craig F. Simon (TX 00784968)
**MEADOWS COLLIER REED COUSINS CROUCH & UNGERMAN LLP**
901 Main St.
Suite 3700
Dallas, TX 75202
Telephone: (214) 744-3700
Facsimile: (214) 292-2356
csimon@meadowscollier.com

**COUNSEL FOR DEBTOR MATTHEW MARTORELLO**

## CERTIFICATE OF SERVICE

I hereby certify that on **June 4, 2025**, a true and correct copy of the foregoing was served via the court's ECF system to all parties receiving such electronic notice.

*/s/ Daniel P. Winikka*
Daniel P. Winikka