J. Robert Forshey
State Bar No. 07264200
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas  76102
Tel: 817-214-4990
Email: bobby.forshey@vhh.law
Email: jeff.prostok@vhh.law
Email: suki.rosen@vhh.law

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org

*Co-Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| EVENTIDE CREDIT ACQUISITIONS, LLC, *et al.*,[1] | § § § § | CASE NO. 23-90007-mxm-11 |
| DEBTORS. | § § | (Jointly Administered) |

**RESPONSE TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO SECTIONS 105(a) AND 1104(a) OF THE BANKRUPTCY CODE**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Eventide Credit Acquisitions, LLC (the "Debtor" or "Eventide"), one of the debtors and debtors-in-possession in these chapter 11 cases, files this Response (the "Response") to the *Motion of the Official Committee of Unsecured Creditors for Appointment of a Chapter 11 Trustee Pursuant to Sections 105(a) and 1104(a) of the Bankruptcy Code* (the "Motion") [ECF No. 845] and the 31 Plaintiffs' (the "31 Plaintiffs") Joinder In Support of that Motion (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Eventide Credit Acquisitions, LLC (1353) and BWH Texas LLC ("BWH") (9205).

"Joinder"), and represents:

1.  There is nothing in the Motion or the Joinder that warrants the appointment of a trustee. There is no showing of mismanagement during this Chapter 11 case. Nor is there any showing of fraud, dishonesty, incompetence, or gross mismanagement in the affairs of Eventide, after the commencement of this case. The recent ruling by the Fourth Circuit against Mr. Martorello (not Eventide) changes nothing. The real reason the Official Committee of Unsecured Creditors (the "Committee") and the 31 Plaintiffs seek the appointment of a trustee because Eventide persists in contesting their claims.[2]

2.  At the outset of this case two years ago, on September 15, 2023, Eventide filed a Position Statement stating its two objectives: first, to recover on the $32 million note from Big Picture Loans, an arm of the Lac Vieux Desert Band of Chippewa Indians (the "Tribe Note") and, second, to show this Court that the claims of the 31 Plaintiffs are not allowable. Since then, Eventide has accomplished the first objective and diligently pursued the second, while complying with its fiduciary obligations.

3.  Eventide resolved the collection of the Tribal Note after extensive litigation. As this Court will recall, Big Picture appealed nearly every ruling of this Court before eventually settling with Eventide. That settlement was opposed by the 31 Plaintiffs and the Committee but approved by this Court.

4.  Likewise, Eventide has fulfilled its legal duty pursuant to 11 U.S.C. § 704(a)(5) to "object to the allowance of any claim that is improper." *Azby Funds v. Wadsworth Estate, L.L.C.*, 2022 WL 17582273, at *2 (5th Cir. 2022). On January 22, 2024, Eventide filed detailed objections to the claims of the 31 Plaintiffs. Resolution of the allowability of those claims will dictate the outcome of this Chapter 11 case. Eventide has diligently sought a hearing on its claim objections and this critical determination has now been set for November 3, 2025. If the claims are

---

[2] Every member of the Committee is one of the 31 Plaintiffs.

disallowed, Eventide will be able to rapidly confirm a plan and pay its allowable claims in full.

5. For the past two years, the Committee and 31 Plaintiffs were content to have Eventide managed by Mr. Martorello while Eventide battled the Lac Vieux tribe to collect on the defaulted Tribe Note. Only now—after the collection of the Tribe Note has been successfully accomplished and the trial of the claim objections approaches—have they suddenly demanded appointment of a trustee.

6. This is a liquidating bankruptcy case. Without any business affairs to mismanage, the only ongoing issue is the Committee's contention that Eventide should not be allowed to pursue its objection to the claims of their members. The Committee believes that these claims will be allowed while Eventide believes that they will be disallowed. This Court need not handicap that dispute to resolve this Motion, nor conduct a hearing to predict which party might prevail at trial. Predicting the outcome of the trial is not relevant to this motion.

7. Appointing a trustee at this point would simply add cost, create delay, and accomplish nothing for the bankruptcy estate or its creditors. The Motion and the Joinder are not driven by concerns about the current management of Eventide, an entity with no operating business to mismanage. Rather, they are driven by the concern of the 31 Plaintiffs and the Committee that the claims will be disallowed. The allowability of those claims should be resolved as soon as possible. The Motion should accordingly be denied.

## **THE LAW**

8. Appointment of a trustee under 11 U.S.C. § 1104 is an extraordinary remedy—the exception and not the rule. *Cajun Elec. Power Coop., Inc. v. Cent. La. Elec. Co. (In re Cajun Elec. Power Coop., Inc.),* 69 F.3d 746, 749 (5th Cir. 1995), *opinion withdrawn in part on other grounds on reh'g*, 74 F.3d 599 (5th Cir. 1996); *In re Sharon Steel Corp.,* 871 F.2d 1217, 1225 (3d Cir. 1989); *Schuster v. Dragone,* 266 B.R. 268 (D. Conn. 2001); *In re Thomas,* 596 B.R. 350, 359 (Bankr. W.D. Tenn. 2019). The Code presumes that the debtor should remain in possession absent a strong evidentiary showing of "cause." *In re Skytec, Inc.,* 610 B.R. 14, 22 (Bankr. D.P.R.

2019) ("There is a strong presumption that the debtor should be permitted to remain in control and possession of its business.").

9. Courts require "clear and convincing evidence" of fraud, dishonesty, incompetence, or gross mismanagement before displacing existing management. *In re Cajun*, 69 F.3d at 749; *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 471 (3d Cir. 1998). And "t]here are few situations ... when grounds will exist for the appointment of a trustee under [Section 1104(a)(2) ] although 'cause' for such appointment will not exist under [Section 1104(a)(1) ]." *In re Cajun*, 69 F.3d at 751 n.20 (quoting 5 Lawrence King, *Collier on Bankruptcy* § 1104.01[7][d] (15th ed. 1995)). Pre-petition conduct may be relevant background, but it does not, by itself, compel trustee appointment absent **proof of <u>ongoing mismanagement</u>**. *See In re Sundale, Ltd.*, 400 B.R. 890, 908-13 (Bankr. S.D. Fla. 2009) (prepetition regulatory disputes insufficient without evidence of present fiduciary breach). (emphasis added).

## **ARGUMENT**

10. The Committee and the 31 Plaintiffs have shown no fraud, dishonesty, incompetence, or gross mismanagement in the ongoing affairs of Eventide.

11. Eventide's post-petition conduct demonstrates proper management. Eventide has complied with all reporting obligations, filed detailed operating reports, and provided the Committee with every scrap of information requested by the Committee and the 31 Plaintiffs—including the Roberts Report. Claims have been filed in the cases of insiders and the Debtor has provided the Committee with derivative standing, which also covers their second featured contention which relates to conflicts with regards to the Debtor's potential transfer claims. Also, financial records reflecting all disbursements, including those to insiders, have been provided to the Committee, including payments to law firms where either Eventide was a party, was an interested party, and/or involved parties with indemnification rights from Eventide.

12. The Motion and the Joinder rest principally on alleged pre-petition conduct by Mr. Martorello, none of which relates to Eventide's ongoing mismanagement or its management of

this Chapter 11 case.  Moreover, the Committee and the 31 Plaintiffs have been fully aware of this alleged conduct since this case was filed two years ago.  Yet, they have not previously moved for the appointment of a trustee.

13. More fundamentally, neither the Motion nor the Joinder establishes that Mr. Martorello's pre-petition conduct involved fraud or dishonesty that justifies the appointment of a trustee.   Mr. Martorello was found liable for civil violations of the Racketeering Influenced and Corrupt Organization Act ("RICO"),18 U.S.C. §§ 1961-1968, but those violations did not involve any fraud or dishonesty.

**A.** **The RICO Judgment Involves Neither Fraud Nor Dishonesty**

14. Contrary to the allegations of the Committee in paragraph 48 of the Motion, the claims against Mr. Martorello did not involve any "fraud on consumers."  The Big Picture loans complied with all applicable federal laws, including the Truth In Lending Act.  The applicable interest rates and the application of tribal law were fully disclosed to the borrowers, who got exactly what they bargained for.  There was no fraud.  Instead, the only issue was whether the loans were usurious, which turns on whether they were governed by Tribal or state law.

15. Nor does the RICO judgment against Mr. Martorello establish that he engaged in criminal conduct, as the 31 Plaintiffs now contend.  Mr. Martorello presented two defenses to the RICO claims against him, both of which were ultimately rejected by the Fourth Circuit.  The first was that the loans were governed by Tribal law, not state law, and so were entirely lawful.  The second was that, in any event, he believed in good faith (relying on the advice of reputable counsel) that the loans at issue were lawful and so lacked the scienter required to violate RICO.

16. There is no evidence that Mr. Martorello knew that the Big Picture loans were unlawful.  Even the district court in *Williams* acknowledged that there was substantial evidence "probative of Mr. Martorello's assertion that he believed that Tribal law governed the loans at issue." *Williams v. Big Picture Loans, LLC*, 693 F.Supp.3d 610, 629 (E.D. Va. 2023).  Instead, it concluded that "Mr. Martorello knew that the [loans were] of questionable legality" and he

"deliberately took the risk that his guess about what law would apply might well be wrong." *Id.* at 630.[3]

17. The 31 Plaintiffs argued successfully to both the district court and the Fourth Circuit that Mr. Martorello's good faith was irrelevant because the RICO claims were civil, not criminal, in nature. The Fourth Circuit ruled that "the distinction between the civil and criminal contexts effectively ends our inquiry." *See Williams v. Martorello*, 143 F.4th 555, 568 (4th Cir. 2025). In other words, Mr. Martorello was held liable for RICO violations regardless of whether he knew what he was doing was wrong because only civil, not criminal, violations were at stake.

18. Against this backdrop, it is astonishing that the 31 Plaintiffs now argue to this Court that the *Williams* decision establishes that Mr. Martorello engaged in criminal conduct. The doctrine of judicial estoppel precludes this argument. The 31 Plaintiffs cannot "play[] fast and loose with [this Court] to suit the exigencies of self interest.' " *Superior Crewboats, Inc. v. Primary P & I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 334 (5th Cir. 2004) (citation omitted). The Fourth Circuit did not conclude that Mr. Martorello engaged in any knowing misconduct, much less criminal conduct. It ruled only that he could be held civilly liable under RICO even if he relied in good faith on legal advice that Big Picture's loans were lawful.

**B.    There Is No Proof of Post-Petition Mismanagement**

19. The Committee contends that Mr. Martorello has mismanaged Eventide during the course of this case because Eventide has amassed $7 million in legal fees and "has thrown up roadblocks to the 31 Plaintiffs' and the Committee's efforts" to pursue their claims. Motion ¶ 50. The Committee would like a trustee who is more amenable to its position and won't expend money to contest the 31 Plaintiffs' claims.[4]

---

[3] For a businessman to rely on the advice of reputable counsel in the face of a challenge to the legality of the loans is scarcely making a "guess about what law would apply." The *Williams* court acknowledged that the lawyers "assert[ed] their belief that tribal law applied." *Id*. at 640, and that Mr. Martorello "relied on his own lawyers' advice." *Id*. at 642, n. 56.

[4] The Committee and the Consumer Borrowers assume that the Fourth Circuit's decision conclusively establishes the allowability of the claims of the Consumer Borrowers in this Court. That is not correct. The Fourth Circuit's rulings that

DEBTOR'S RESPONSE TO MOTION TO APPOINT TRUSTEE                                                                                           Page 6

20.     The amount of legal fees incurred does not establish any mismanagement by Mr. Martorello. As this Court will recall, a large amount of those fees was incurred litigating with the Tribe to bring money into the estate. Another large amount has been incurred in defending against the unallowable claims of the 31 Plaintiffs. And well over $1,000,000 in fees has been incurred by the Committee investigating alleged voidable transfers by Eventide to entities already debtors in this Court. Eventide not only filed contingent proofs of claims for avoidable transfers in those cases, but provided the Committee with derivative standing to pursue those claims.

21.     The Committee's assertion that Eventide is entirely responsible for the contentious and extensive nature of these proceedings is patently incorrect. In fact, Eventide has pushed for a hearing to decide the allowability of the claims and bring this case to a conclusion. If the Committee and the 31 Plaintiffs were truly concerned about Eventide incurring more fees, they wouldn't have filed the Motion and the Joinder, which would further delay this case and saddle the estate with yet another layer of fees for a trustee and new counsel, and potentially a new financial advisor. Instead, they would promptly litigate the validity of the 31 Plaintiffs' claims.

22.     The Committee also asserts incorrectly that Eventide has taken no steps to collect on a $548,333.33 loan to GFLP Entity 1, LP, and has not provided any information about its status. The details about the GFLP loan, including its collectability and collection efforts, have been provided to the Committee. It was a loan involving a real estate venture that was foreclosed upon by its bank. Eventide is collecting the limited funds that will be available, and the partial collections are reflected on the monthly operating reports of Eventide.

23.     The 31 Plaintiffs contend that Mr. Martorello's indemnification claim against

---

the loans are governed by state law and that scienter is not required for a civil RICO violation are both pure questions of law, which do not have any preclusive effect in this Court. *See Matter of Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020). Eventide believes that these rulings are incorrect and will not be persuasive. Furthermore, Eventide has additional defenses not raised or addressed in *Williams*, where Eventide was not a party. These include whether Eventide (as distinct from Mr. Martorello) participated in the alleged RICO enterprise or conspiracy, whether Tribal law governs the loans under choice of law principles (as opposed to constitutional limitations), and whether the Consumer Borrowers are judicially estopped from asserting claims against Eventide.

Eventide creates a conflict of interest that supports the need for a trustee; they criticize Eventide for not objecting to this indemnification claim. However, this alleged conflict existed at the outset of this case and has not previously spurred a demand for the appointment of a trustee. **Why did the Committee wait two years to file this motion?** In addition, Eventide preserved those claims against his estate, and the Committee has already been given derivative standing to pursue avoidance actions. The Committee has always had standing to object to indemnification claim.[5] The same is true with respect to indemnification claims filed by other insiders.[6]

24. Moreover, there is no conflict unless and until the claims of the 31 Plaintiffs are determined to be allowable. If and when that happens, a decision can be made whether the Committee should spend time and money objecting to Mr. Martorello's indemnification claim. There are different approaches that the estate might take. For example, the claims of the 31 Plaintiffs, which total less than $300,000, if disallowed might be paid in full and the indemnification claim settled. Alternatively, if the Class Motion is granted, the allowed claims may be in the hundreds of millions of dollars and the indemnification claim could be diluted to irrelevancy, not warranting the expense of objecting.[7]

25. In any event, these speculative possibilities do not justify the appointment of a trustee. The indemnification claims will be most efficiently resolved through the claims allowance process, not by displacing management.[8]

26. The Committee takes issue with the fact that Eventide has not yet sent out notice. As the Court is aware, Eventide has vigorously sought to do so on numerous occasions, even

---

[5] Claims have been filed by Eventide in those cases and the schedules of Mr. Martorello specify that the Mr. Martorello claims against Eventide are contingent and that he may be subject to a counterclaim.

[6] In the case of Justin Martorello, he filed for bankruptcy and received a discharge in 2024.

[7] The Consumer Borrowers also assert that, if Mr. Martorello is not entitled to indemnification, he may owe Eventide for legal fees paid in defense of their claims. They ignore that Eventide itself is a defendant in numerous of the suits at issue, except *Williams*, and a party in interest in all of them. And the Consumer Borrowers seek to use the rulings and evidence in *Williams* case against Eventide. Even assuming that a potential conflict exists here, it is premature to use estate resources to pursue claims against indemnitees now.

[8] The Committee has standing to object to indemnification claims, and derivative standing to pursue avoidance actions.

over the objections of the 31 Plaintiffs, but it has not yet been granted the Court's permission to do so.

27.    Going forward with a plan in this case makes no sense until the allowability of the claims of the 31 Plaintiffs is determined. Eventide has properly pursued this issue from the outset of this case, as it is required to do by 11 U.S.C. § 704(a)(5), and the Court now is on the verge of resolving it. There is no mismanagement to be found here.

## **CONCLUSION**

28.    The Motion and the Joinder are not about protecting the estate but, instead, about delaying the November 3rd claims hearing because of fear that the 31 Plaintiffs' claims will be disallowed. Eventide has diligently and competently managed the estate throughout these proceedings and no reason has been shown why the case should now be delayed yet again, and the management of the estate disrupted, by the appointment of a trustee on the eve of the claims hearing. The Motion should be denied.

WHEREFORE, the Debtor respectfully requests that this Court deny the Motion; and grant such other and further relief that the Court deems just and proper.

DATED: September 2, 2025					Respectfully submitted,

*/s/ Jeff P. Prostok*
J. Robert Forshey
State Bar No. 07264200
Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
**VARTABEDIAN HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas  76102
Tel: 817-214-4990
Email: bobby.forshey@vhh.law
Email: jeff.prostok@vhh.law
Email: suki.rosen@vhh.law

*Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

-AND-

*/s/ Robin Phelan*
Robin Phelan
State Bar No. 15903000
**PHELANLAW**
4214 Woodfin Drive
Dallas, Texas 75220
Tel: 214-704-0222
Email: robin@phelanlaw.org
*Co-Counsel for the Debtor*
*Eventide Credit Acquisitions, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on September 2, 2025, a true and correct copy of the foregoing was served via the Court's Electronic Notification (ECF) system:

                                      /s/ *Jeff P. Prostok*
                                      Jeff P. Prostok